U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
JAN 2 0 2006
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DAVEON McCULLOUGH | CIVIL ACTION NO. 05-0674-A |
| VS. | SECTION P |
| BURL CAIN, WARDEN | JUDGE LITTLE |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus (28 U.S.C. §2254) on April 15, 2005, by *pro se* petitioner, Daveon McCullough. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is currently incarcerated at the Louisiana State Penitentiary, Angola, Louisiana, where he is serving the life sentence imposed following his 1999 second degree murder conviction in the Ninth Judicial District Court, Rapides Parish.

On July 20, 2005, the undersigned completed an initial review and authored a Memorandum Order directing plaintiff to amend his complaint to provide the documents needed to complete an initial review. Petitioner was ordered to provide the documents within 40 days of the order. [Doc.4] On August 18, 2005, petitioner requested an extension of time to comply with the order. [Doc. 5] On August 26, 2005, the undersigned granted the Motion giving petitioner an additional thirty days from August 26, 2005 within which to file the documents or information

requested.

Petitioner has not filed the documents requested; nor has he requested additional time to amend his petition. Thus, a period of more than ninety days have elapsed since the passage of the deadline for compliance with the orders of July 20 and August 26, 2005.

## **LAW AND ANALYSIS**

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Therefore,

**IT IS RECOMMENDED** that the petition for writ of *habeas corpus* be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation

to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _____ day of _____, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE