U.S. DISTRICT COURT
WESTERN DISTRICT of LOUISIANA
RECEIVED - ALEXANDRIA

APR 1 8 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DAVEON McCULLOUGH | CIVIL ACTION NO. 05-0674 |
| VS. | SECTION P |
| BURL CAIN, WARDEN | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

## ORDER

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed by *pro se* petitioner Daveon McCullough on or about April 15, 2005. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary, Angola, where he is serving a life sentence imposed following his 1999 second degree murder conviction in the Ninth Judicial District Court, Rapides Parish. This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. Since the date of filing the undersigned has attempted to obtain from both the petitioner and the respondent the information necessary to conduct and complete an initial review on issues such as timeliness (see 28 U.S.C. §2244(d)) and exhaustion of state court remedies. (see 28 U.S.C. §2254(b))

Based upon the lack of any information to the contrary, the undersigned concluded that this *habeas corpus* petition was filed

within the limitations period provided by §2244(d); the undersigned also concluded that petitioner had exhausted all available state court remedies. Accordingly, on November 15, 2006 an order directing service of process issued and respondent was directed to answer the petition for writ of *habeas corpus*.[1] More specifically, respondent was directed to submit "A memorandum brief of law in support of all issues raised in the answer, citing relevant Fifth Circuit authority and <u>referring to the pertinent page numbers</u> in the state court record in support of the answer." [doc. 24 (emphasis in original)]

On December 29, 2006 [doc. 29-4] respondent submitted a "Memorandum in Opposition to the Petition." Therein respondent alleged, "Respondent believes that petitioner has not exhausted his available State court remedies, as the claims set forth have not been previously addressed by the state courts in the form they are presented to this court. Specifically he claims that the state withheld possibly exculpatory evidence, there was error by the trial court in the allowance of co-defendant's testimony and he received ineffective assistance of counsel. Respondent shows

---

[1] Among other things, respondent was advised "**The answer shall state whether petitioner has exhausted state remedies, including any post-conviction remedies available to him under Louisiana law, by properly presenting to the Supreme Court of Louisiana all issues raised in this petition. If respondent claims that petitioner has failed to exhaust his state remedies, respondent shall state whether petitioner has any available procedural vehicle by which he may present his claims to the state courts, and if not, respondent shall present applicable case law as to whether this court should reach the merits of the claims.**" [doc. 24]

3

that petitioner filed similar claims in the state courts but they were not addressed in the lower state courts in the form he now presents them." [doc. 29-4]

On January 4, 2007, respondent filed an Answer which also alleged, "Respondent believes that petitioner has not exhausted his available State court remedies, as the claims set forth have not been previously addressed by the state courts in the form they are presented to this court." [doc. 32, paragraph 1]

To the extent that respondent has raised exhaustion of state court remedies as an affirmative defense, respondent has failed to comply with the order directing submission of a brief in support of this affirmative defense.

Further, with regard to respondent's answer on the merits, it likewise appears that respondent has failed to comply with the briefing order.[2] [doc. 29-4]

---

[2] Respondent was directed to "address whether the claims presented herein are cognizable on federal *habeas* review, and if they are not cognizable, respondent shall present applicable case law as to why the claims are not properly reviewed by this court.

Respondent should also state whether petitioner demonstrates that any of the claims presented herein have been adjudicated in state court proceedings which resulted in: (1) a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. See, 28 U.S.C. § 2254(d) as amended by § 104(d) of the AEDPA.

Respondent should also state whether petitioner has rebutted by clear and convincing evidence any factual determination made by a state court and which is presumed to be correct in this proceeding. See, 28 U.S.C. § 2254(e)(1), as amended by §104(e) of the AEDPA." [doc. 24]

Respondent's Answer contains no reference to these statutes and does not

4

Therefore,

**IT IS ORDERED** that respondent, through the District Attorney, file within forty (40) days of this order a memorandum brief of law in support of all issues raised in the answer - including his defense of exhaustion and his defense on the merits - <u>citing relevant Fifth Circuit authority and referring to the pertinent page numbers in the state court record in support of the answer</u>;

Respondent shall also address whether the claims presented herein are cognizable on federal *habeas* review, and if they are not cognizable, respondent shall present applicable case law as to why the claims are not properly reviewed by this court. Respondent should also state whether petitioner demonstrates that any of the claims presented herein have been adjudicated in state court proceedings which resulted in: (1) a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. See, 28 U.S.C. § 2254(d) as amended by § 104(d) of the AEDPA. Respondent should also state whether petitioner has rebutted by clear and convincing evidence any factual determination made by a state court and which is presumed

---

**provide citation to the relevant district court record.**

5

to be correct in this proceeding. See, 28 U.S.C. § 2254(e)(1), as amended by §104(e) of the AEDPA.

In Chambers, Alexandria, Louisiana, _April 17_, 2007.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE